UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA  DIVISION

KAREN CARLILE                          CIVIL ACTION NO. 09-1038

VERSUS                                 U.S. DISTRICT JUDGE DEE D. DRELL

JACKSON BRACE & LIMB CO.               U.S. MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss filed by defendant, Jackson Brace & Limb Company (Jackson) **Doc. #5**,  referred to me by the district judge for report and recommendation. The motion seeks dismissal based on lack of personal jurisdiction over the defendant.

### Background

Plaintiff, Karen Carlile,  is a  Louisiana resident and sued defendant, Jackson, a Mississippi resident, in state court alleging that defendant, Jackson, performed defective repairs to her leg brace. The suit was removed to this court by defendant. Defendant, Jackson, claims that this court has no personal jurisdiction over it.

### Discussion

Jackson is a Mississippi  company with its principal place of business in Jackson, Mississippi.  It is a retail prosthetic and orthopaedic supply company. Plaintiff , in 1987, purchased a leg brace from defendant. Over the years, defendant repaired and performed maintenance on the brace at its store in Mississippi. Plaintiff claims that in May 2008 she took the brace to defendant in Mississippi for maintenance and repair and, about ten days later, fell and was injured due to faulty repairs on the brace by defendant. Plaintiff argues that certain contacts in Louisiana are sufficient

1

to vest this court with jurisdiction; Jackson argues, it has no "continuous and systematic contacts" with Louisiana sufficient to allow Louisiana to assert jurisdiction over it.

The burden to make a prima facie showing that the defendants have meaningful contacts with Louisiana rests with the plaintiffs. Revell v. Lidov, 317 Fed. 3d 467 (5th C. 2002); International Shoe Co. v. State of Washington 66 S. Ct. 154, (1945); Wilson v. Belin, 20 Fed. 3d 644 (5th C. 1994), cert. den., 115 S. Ct. 322. The court must accept plaintiffs' uncontroverted allegations as true, but it may consider affidavits and other documentation resolving conflicts in favor of claimant. See Guidry v. U. S. Tobacco Co., Inc., 188 Fed. 3d 619 (5th C., 1999); Revell, supra.

Federal courts in Louisiana may exercise jurisdiction over a non-resident defendant only to the extent allowed by Louisiana's Long Arm statute and as consistent with due process. Stripling v. Jordan Production Co., LLC, 234 Fed. 3d 863 (5th C. 2000). Louisiana's long arm statute extends jurisdiction to the constitutional limits of due process. La. R.S. 13:3201(B).[1] Burstein v. State Bar

---

[1] Louisiana's long arm statute provides:

"§3201. Personal jurisdiction over nonresidents

A.    A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this State.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this State.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.

of California, 693 Fed.2d 511 (5th C. 1982).  Jurisdiction consistent with due process exists where the defendant has purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." Mink v. AAAA Development LLC, 190 Fed. 3d 333, 336 (5th C. 1999) (quoting International Shoe., supra).

As the Fifth Circuit explained in Luv n' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465 (5th C. 2006), the Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, Helicopteros Nacionales de Colombia, S.A. v. Hall, 415, 104 S.Ct. 1868, (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. Id. at 414, 104 S.Ct. 1868 n. 9.FN2 Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a

---

(5) Having an interest in, using or possessing a real   right on immovable property in  this state.

(6) Non-support.

(7) Parentage.

(8) Manufacturing of a product or component thereof which  caused damage or injury  in this state.

B.    In addition to the provisions of Subsection A, a court of  this state may exercise  personal jurisdiction over a  nonresident on any basis consistent with the constitution of this state and of the constitution of the United  States."

suit arising out of or related to the defendant's contacts with the forum." Id. at 414, 104 S.Ct. 1868 n. 8.

Minimum contacts may be established either through contacts sufficient to assert specific jurisdiction or contact to assert general jurisdiction. <u>Alpine View Co. Ltd. v. Atlas Coco AB</u>, 205 Fed. 3d 208, 214 (5th C. 2000). Only where a non-resident defendant has "purposely directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities" are the defendants' contacts sufficient to support the exercise of specific jurisdiction over that defendant. <u>Burger King v. Rudzewicz</u>, 105 S. Ct. 2174 (1985). Stated differently, specific jurisdiction exists where a defendant 'purposely avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits of its laws." <u>Dickson Marine, Inc. v. Panalpina, Inc</u>. 179 Fed. 3d 331 (5th C. 1999).

In this case, plaintiff has filed an affidavit in which she testifies that Jackson sold the brace to her, that it maintained a relationship with her over the years pertaining to the brace in that they repaired and maintained it for her, that Jackson called her at home in Louisiana telling her to come pick up the brace and to collect its bill, that it delivered the brace to plaintiff in Louisiana on one occasion by courier, and that it billed plaintiff in Louisiana for its services. Plaintiff claims that these actions are sufficient minimum contacts to vest this court with jurisdiction.

However, the "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.' See <u>Burger King v. Rudzewicz</u>, 471 U. S. 462, 474 (1985) (citing <u>International Shoe Co. v. Washington</u>, 326 U. S. 310, 316 (1945). As the court in <u>Revell v. Lidov</u>, 317 F.3d 467 (5th C. 2002), noted, "even

repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction–in other words, while it may be doing business *with* [Louisiana][2], it is not doing business *in* [Louisiana][3]."

Defendant has shown by affidavit that it is a non-resident corporation with its principal place of business in Jackson, Mississippi, that it does not do business in any state other than Mississippi, is not registered to do business in Louisiana, does not have an agent for service of process in Louisiana, does not own property in Louisiana, does not employ anyone in Louisiana, does not advertise or solicit business in Louisiana and does not even have an internet web page.

I find that the isolated contacts with plaintiff over a period of 21 years are not continuous, systematic contacts sufficient to invoke general personal jurisdiction over Jackson in Louisiana.

In regard to specific jurisdiction, the Fifth Circuit has adopted a three part test: 1) whether the defendant purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there, 2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts, and 3) whether the exercise of personal jurisdiction is fair and reasonable. Nuovo Pignone v. Storman Asia M/V, 310 F.3d 374 (5th C. 2002) In order to be held to have purposefully availed itself of the privilege of conducting business, the defendant's conduct must show that it "reasonably anticipates being haled into court" in Louisiana. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Luv N' Care, Ltd. v. Insta-Mix, Inc. et al, 438 F.3d 465 (5th C. 2006)

---

[2]  Texas in original.

[3]  Texas in original.

The evidence shows that plaintiff initiated contact with Jackson in 2008 for the repair of her brace and the she delivered the brace to defendant in Mississippi. The brace was repaired in Mississippi and plaintiff picked it up after repair in Mississippi.    These contacts are insufficient to show that the defendant, Jackson, purposefully directed its activities to Louisiana. Further, the accident does not arise out of plaintiffs one-time purchase 21 years ago in Mississippi or from the fact that defendant billed her, called her or delivered the brace to her by courier in Louisiana. Instead the accident is alleged to have arisen from a particular repair in May of 2008 in Mississippi after plaintiff took the brace there to be repaired. As pointed out by defendant's counsel, courts have routinely held that a non-resident repairer is not subject to personal jurisdiction where there is little or no contact with Louisiana except for alleged in-state damage caused by the repaired object. See, e.g. Lightell v. Morris, 1994 U.S. Dist. LEXIS 247 (E.D. La, 1994). Therefore, I find that the Nuovo Pignone test is not met and specific jurisdiction does not exist.

Finally, although plaintiff's counsel makes reference to stream of commerce case law, this case is not a stream of commerce case. Compare  Luv n' Care, Ltd. v. Insta-Mix, Inc., supra.

For the foregoing reasons, because neither general nor specific personal jurisdiction is present,  IT IS RECOMMENDED, that defendant Jackson's Motion to Dismiss be granted, and that plaintiffs' claims against Jackson be dismissed.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request

for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 17th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE